UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRIAN W. TECKENBROCK, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-876-CCB-SJF |
| DEPARTMENT OF CORRECTION, et al., | |
| Defendants. | |

## OPINION AND ORDER

Brian W. Teckenbrock, a prisoner without a lawyer, filed a complaint and a motion for preliminary injunction because he believes his release date has been miscalculated.[1] ECF 1; ECF 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Teckenbrock was sentenced to 30 months in the department of correction, but he spent the first fifteen months of that sentence in various county jails. He alleges that he earned good time credits equal to a third of his sentence, which should have been ten

---

[1] Teckenbrock believes he should have been released on August 13, 2025.

months. Instead, the calculation ignored the fifteen months he served in county jails and was based only on the time remaining on his sentence when he was transferred to an IDOC facility. Because the calculation did not include time he served at various county jails, he was granted only five months of good time credit rather than the ten months he believes he should have received. Teckenbrock seeks an order directing that he be released immediately and monetary compensation for his wrongful incarceration.

This court cannot grant Teckenbrock's request for an order directing his immediate release. A prisoner cannot challenge his ongoing detention or conviction in a civil rights action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). Likewise, his motion seeking a preliminary injunction in the form of his immediate release must be denied.

This court also cannot grant Teckenbrock's request for monetary damages. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Therefore, this case is barred by *Heck* and cannot proceed.

Ordinarily, the court should give a *pro se* litigant an opportunity to cure his defective pleadings before dismissing the case. *Abu-Shawish v. United States*, 898 F.3d

2

726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1025 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). That is the case here. The court finds no basis to conclude that, if given another opportunity to plead his claims, Teckenbrock could overcome the *Heck* bar. *See Morgan v. Schott*, 914 F.3d 1115, 1120 (7th Cir. 2019) ("The favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments.").

For these reasons, the court DENIES the motion for a preliminary injunction (ECF 3) and DISMISSES this action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A because it is legally frivolous to challenge the basis of an intact criminal sentence in a § 1983 action.

SO ORDERED on October 23, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT